PAUL GALLARDO
Flaherty Gallardo Lawyers
1026 1ST Ave. S.,
P.O. Box 1968
Great Falls, Montana 59403
Telephone: (406) 727-8494
Facsimile: (406) 727-8537
paul@flahertylawyers.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**GREAT FALLS DIVISION**

| UNITED STATES OF AMERICA, Plaintiff, vs. NEAL PAUL ROSETTE, Defendant. | Case No. CR-15-40-GF-BMM  CR-15-61-GF-BMM  **DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
|---|---|

COMES NOW, Defendant Neal Paul Rosette, by and through counsel of record, and respectfully submits this brief supporting Defendant's Motion for an order terminating Mr. Rosette's supervised release early.

1

1. **Case Background**

On December 1, 2015, Neal Rosette appeared before this Court and pled guilty to Count I of the Indictment in CR-15-40, namely Conspiracy to Embezzle Tribal Funds in violation of 18 U.S.C. § 371. Mr. Rosette also pled guilty to Counts 3 and 5 in the Indictment in CR-15-61, namely Accepting Bribes by a Tribal Governmental Official in violation of 18 U.S.C. § 666(a)(2). He was sentenced on March 7, 2016, to a total concurrent custodial term of 38 months, followed by two (2) years Supervised Release (concurrent). On June 22, 2017, an Amended Judgment was issued, reducing Mr. Rosette's original custodial sentence of 38 months to a total custodial term of "time served." Following completion of the Bureau of Prisons portion of his sentence, on June 23, 2017, Mr. Rosette has been on supervised release and is now residing in Box Elder, Montana, supervised by the United States Probation Office in Great Falls. Mr. Rosette respectfully asks the Court to consider an early termination from his period of supervised release.

2. **Applicable Law**

"A district court enjoys significant discretion in crafting terms of supervised release for criminal defendants." *U.S. v. Weber,* 451 F.3d 552, 557 (9th Cir. 2006). Consistent with a district court's broad discretion in imposing terms of supervised release, the language of § 3583(e) gives district courts broad discretion in

determining whether to grant a motion to terminate supervised release. 18 U.S.C. § 3583(e)(1); *U.S. v. Townsend,* 98 F.3d 510, 512 (9th Cir. 1996).

The correct legal standard for deciding a motion to terminate supervised release is set forth in 18U.S.C. § 3583(e). The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id. § 3583(e)(1). The expansive phrases "conduct of the defendant" and "interest of justice" make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination. See *U.S. v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

The text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship. District courts are directed to exercise discretion in light of a broad range of factors, and therefore a blanket rule denying early termination whenever a defendant fails to prove undue hardship would "completely disregard … the statute." See *Lowe*, 632 F.3d at 998–99 (concluding that a "general policy of refusing to consider motions for early termination of supervised release until the final twelve months of the defendant's probation" is not permissible under § 3583(e)). Thus, if the district court had applied an inflexible rule

3

requiring the Defendant to prove undue hardship stemming from supervised release, that would have been an abuse of discretion.

3. **<u>Interests of Justice Permit Mr. Rosette's Early Termination of Supervised Release</u>**

Mr. Rosette began supervised release on June 23, 2017. Mr. Rosette informs undersigned that it is burdensome to seek and get approval for out-of-state business travel when a work assignment comes up short notice. Sometimes it costs Mr. Rosette's employer extra money when they cannot book airline tickets until Mr. Rosette gets probation approval in an expedient manner. Though, Mr. Rosette has absolutely no complaints on the probation's office, who have been very accommodating and reasonable to him. Undersigned reached out to Mr. Rosette's probation officer, Tom Kelly, who reports as follows:

- Since Mr. Rosette's BOP release, he completed a substance abuse evaluation from White Sky Hope Center, which concluded that he did not need treatment.

- Mr. Rosette completed random UA testing protocol and continues to submit to drug testing during home contacts. All tests have been negative.

- Mr. Rosette has remained gainfully employed since the beginning of his supervision.

- Mr. Rosette is current on making his monthly restitution payments and has

4

custody of his grandchildren.

- Mr. Rosette is being supervised as LOW 1, which is the lowest supervision level and the lowest risk of re-offending.

- Mr. Rosette has been more than compliant with his conditions and has had no non-compliance.

The Defense submits that the interests of justice allow this Court to release Mr. Rosette from supervised release early. Mr. Rosette is fully compliant with his conditions.  He could to work to his maximum potential without the travel restrictions and approval process as set forth in his supervised release conditions. For these reasons, the Defense respectfully asks the Court to GRANT this motion.

RESPECTFULLY SUBMITTED this 12th day of November, 2018.

/s/ Paul Gallardo
Paul Gallardo
Attorney for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on November 12, 2018, a copy of the foregoing document was served on the following persons by the following means:

    1, 2     CM-ECF
             Hand Delivery
             Mail
             Overnight Delivery Service
             Fax
    3        E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. RYAN WELDON
   Assistant United States Attorney
   United States Attorney's Office
   119 1st Ave. N., Suite 300
   Great Falls, MT 59403-9973
        Counsel for the United States of America

3. United States Probation Office
   Great Falls Office

                                    /s/ Paul Gallardo