**RYAN G. WELDON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, Suite 300
Great Falls, MT 59403
Phone: (406) 761-7715
FAX: (406) 453-9973
E-mail:  Ryan.Weldon@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| UNITED STATES OF AMERICA, Plaintiff, vs. NEAL PAUL ROSETTE, Defendant. | CR 15-40-GF-BMM<br>CR 15-61-GF-BMM<br><br>**UNITED STATES' RESPONSE TO MOTION FOR TERMINATION OF SUPERVISED RELEASE** |
|---|---|

## INTRODUCTION

Neal Rosette moves to terminate his supervision. The United States respectfully objects. Rosette was involved in large-scale public corruption. A measured approach to his supervision is critical to ensuring the 3553(a) factors are met, particularly because Rosette previously struggled with drugs, which in some ways perpetuated the fraud schemes in which Rosette engaged.

## ARGUMENT

**Rosette should remain on supervised release.**

The Court originally sentenced Rosette to 38 months of imprisonment, with two years of supervised release to follow. The Court also imposed restitution obligations against Rosette, which included $1,255,792 to the Chippewa Cree Tribe and $232,680 to the IRS. In June of 2017, the Court ultimately reduced Rosette's sentence to time served but the restitution obligations remained the same. Those restitution obligations remain outstanding. Rosette began supervision on June 23, 2017, and he has served approximately 16 months (*i.e.*, 67%) of the originally imposed supervision.

Recidivism rates best explain why offenders in Rosette's position should remain on supervision. *See, e.g., Recidivism Among Federal Offenders: A Comprehensive Overview* (U.S. Sentencing Commission Mach 2016) (available at

https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf) (last accessed November 3, 2018). For example, the median time for the re-arrest of an offender is 21 months. *Id.* at 15. Rosette has not even completed that amount of time on supervision, and the Court already allowed a break by imposing only two years of supervision—not three years.

A defendant is authorized by statute to move for termination of his supervision after completing one year of supervision. 18 U.S.C. § 3583(e)(1). In doing so, the Court must consider the 3553(a) factors. *Id.* But "[m]ere compliance" with supervision is insufficient to justify early termination—it is what courts and probation officers should expect of defendants. *See, e.g., United States v. Bauer*, 2012 WL 1259251, *2 (N.D. Cal. 2012) ("[T]he reasons cited by Defendant—compliance with release conditions, resumption of employment and engagement in family life—are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate."); *United States v. Grossi*, 2011 WL 704364, *2 (N.D. Cal. 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination."); *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) ("[E]ven '[m]odel prison conduct and full compliance

3

with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'"); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding defendant's return to his "pre-incarceration life," including restoration of family participation, "are expected of a person on supervised release and do not constitute the 'exceptional behavior' contemplated in the precedents"); *United States v. Weintraub*, 371 F. Supp. 2d 164, 167 (D. Conn. 2005) ("Although Weintraub's ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release"); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (noting that "[w]hile [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule"). Occasionally there are changed circumstances where "exceptionally good behavior" will render a previously imposed term or condition too harsh or inappropriate in light of new circumstances. *See United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000). Termination is within the discretion of the district courts, but it is not done as a matter of course. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

4

Rosette claims the need to terminate supervision is due to out-of-state business travel. Br. 4. While sympathetic to this request, such a reason is insufficient to justify early termination of supervision for previous crimes involving large-scale bribery and embezzlement schemes. Rosette also had a previous serious drug problem. Supervision ensures that he remains on task and continues to stay clean, sober, and a productive member of society. The United States certainly appreciates Rosette's conduct while on supervision and fully expects he will be a productive member of society yet again. But his actions are not the type that justify early termination. Such conduct is what the community, family, and Court should expect of Rosette.

## CONCLUSION

The originally imposed sentence remains suitably tailored to the underlying conduct. Supervision should remain.

//

//

//

//

DATED this 20th day of November, 2018.

        KURT G. ALME
        United States Attorney

        */s/ Ryan G. Weldon*
        RYAN G. WELDON
        Assistant U.S. Attorney

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule, this certifies that the body of the attached response contains 900 words, excluding the caption and certificate of compliance.

                                        KURT G. ALME
                                        United States Attorney

                                        */s/ Ryan G. Weldon*
                                        RYAN G. WELDON
                                        Assistant U.S. Attorney